**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bank of America Group Benefits Program Fiduciary, The Bank of America Benefits Appeals Committee; Bank of America, N.A., <br><br>           Plaintiffs, <br><br>vs. <br><br>Carol Riggs, <br><br>           Defendant. | No. CV06-02805-PHX-NVW <br><br>**ORDER** |

Pending before the court is Defendant Riggs' Motion to Dismiss for lack of subject matter jurisdiction (Doc. # 7), the Response (Doc. # 11), and the Reply (Doc. # 12).

This is a dispute about Defendant's entitlement to health care coverage under the Bank of America Group Benefits Program (the "Plan"), an employee welfare benefit plan created and administered pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Plaintiff Bank of America, N.A. ("BofA" or "Bank") is a participating employer whose employees and former employees are covered by the Plan. (Doc. # 8 at 1.)

This is not a typical ERISA enforcement action. In this case, the participating employer's obligations are governed not only by the Plan handbook, but also by a private agreement previously negotiated between Bank of America and Defendant Riggs. The First Amended Complaint seeks, among other things, a judicial declaration upholding the

fiduciaries' interpretation of that settlement agreement. (Doc. # 8 at 8); 28 U.S.C. § 2201. In lieu of an answer, Defendant Riggs interposed a motion pursuant to Rule 12(b)(1), Fed. R. Civ. P., challenging the jurisdictional foundation for Plaintiffs' prayers for relief.

Plaintiffs allege jurisdiction on two grounds: ERISA's civil-enforcement provision, 29 U.S.C. §§ 1132(a)(3)(B)(ii), 1132(e); and the statutory grant of diversity jurisdiction at 28 U.S.C. § 1332(a). Federal question jurisdiction does not lie under ERISA or any other federal law, 28 U.S.C. § 1331. The Amended Complaint does, however, allege the amount in controversy necessary for diversity jurisdiction. The Motion to Dismiss will therefore be denied.

## I.   Background

Defendant Carol Riggs is a resident of Arizona and a former employee of Plaintiff Bank of America. Ms. Riggs took a medical leave of absence from BofA in October 1998. (Doc. ## 8 at 4; 7 Ex. A at 7.) She never returned to the Bank. In September 1999, Ms. Riggs brought an action in the Maricopa County Superior Court against BofA and several of its employees for constructive discharge, intentional infliction of emotional distress, and violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* (Doc. # 7 Ex. A.) Defendant's action was dismissed in June 2003, pursuant to the General Release and Settlement Agreement (the "Agreement"). The Agreement provides, in relevant part:

> Benefit insurance coverage . . . for Riggs and her husband will continue to be offered pursuant to Bank's Long Term Disability coverage provided in cases of "medical separation" as set forth in . . . *Your Employee Handbook* for 1998 . . . . The policy described in the Handbook is the policy that was in effect at the time Riggs['] employment should have been medically separated. Riggs and Bank have agreed that [Riggs] will be treated in accordance with this policy and Riggs and her husband will continue to be provided with the benefits, which may be modified from time to time, available to Bank employees medically separated pursuant to this policy, so long as Riggs continues to receive or is qualified to receive Long Term Disability benefits and this coverage will be billed at the active employee rate.

(Doc. # 8 at 4 (emphasis in original).) Ms. Riggs has received Plan benefits at the level of an "active employee" from the time of her medical separation in 1998 to the present date. (Doc. # 7 at 3.)

The Bank now seeks to harmonize Ms. Riggs' health benefits with her employment and disability status. As an "employee on Long Term Disability that has been medically separated," the Bank avers that Ms. Riggs is "eligible only for participation in medical plans with Medicare supplemental coverage offered under the Plan." (Doc. # 8 at 5.) In support of this position, the Bank argues that it has "consistently provided that an employee (1) who is disabled and not actively working and (2) who is eligible for Medicare benefits due to the disability (3) is only eligible for medical plans which supplement the Medicare benefits." (*Id*. at 5.) "Notwithstanding the provisions of the Plan . . . and Ms. Riggs' employment and disability status, Ms. Riggs has participated in medical plans for active employees under the Plan and the predecessor Legacy BankAmerica plans." (*Id*. at 6.) Acknowledging that "[s]uch participation occurred both before and after the signing of the Agreement," on November 16, 2006, the Bank's Appeals Committee "determined that Ms. Riggs is eligible only for participation in medical plans with Medicare supplemental coverage." (*Id*. at 6.)

Ms. Riggs contends, however, that the contract language set forth above amounts to an "exception" from the policy on Medicare supplemental coverage. (Doc. # 7 at 4.) The Agreement states that Ms. Riggs' benefits "will continue to be offered pursuant to . . . the [1998] policy that was in effect at the time Riggs['] employment should have been medically separated," and "this coverage will be billed at the active employee rate." (*Id*. at 4.) The contract also provides that "no promises or agreements made subsequent to the execution of this Agreement . . . shall be binding unless reduced to writing and signed by these parties." (*Id*. at 4.) Ms. Riggs believes that the foregoing provisions entitle her to the "same health insurance coverage that she had previously been provided as a Bank employee" at "the same premium that would be charged to other Bank employees in the years to come," and she has threatened to sue the Bank if she is not accorded these benefits (Doc. ## 7 at 3; 8 at 6.)

The Bank seeks a judicial declaration that, among other things, the Agreement "did not establish Ms. Riggs' status as that of an active employee entitled to benefits available to active employees"; the decision of the Appeals Committee is a "reasonable interpretation of the Plan and not an abuse of discretion" and does "not constitute a breach of the Agreement";

1 and finally that "BofA is not obligated to provide Ms. Riggs with benefits available to its
2 active employees." (*Id.* at 7.)

## II. Legal Standard

The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide for its own subject matter jurisdiction; a plaintiff must establish either federal question jurisdiction or diversity jurisdiction before a district court can consider a request for a declaratory judgment. *Gov't Emples. Ins. Co. v. Dizol*, 133 F.33d 1220, 1222-23 (9th Cir. 1998). Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject matter jurisdiction. "When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (citations omitted). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect can be corrected by amendment." *Id.* (citations and internal quotations omitted). The court is not limited to the pleadings and may properly consider extrinsic evidence. *Ass'n of Med. Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

## III. No Federal Question Jurisdiction

Plaintiffs first seek to invoke the court's federal question jurisdiction under ERISA's civil enforcement provision, 29 U.S.C. §§ 1132(a)(3)(B)(ii); 1132(e). This provision grants fiduciaries the right to establish uniform standards for the efficient administration of their benefit plans in the federal courts. *Healey v. Healey*, 910 F.Supp. 249, 251 (E.D.N.C. 1996). If a state-law claim falls within the ERISA civil enforcement provision, that claim is preempted by ERISA and federal district courts have "exclusive jurisdiction" over the action pursuant to 29 U.S.C. § 1132(e). *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust* 463 U.S. 1, 9-10 (1983)).

In *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 12 (1987), the Supreme Court

- 4 -

1  recognized that ERISA preemption arises only with respect to the uniform administration of
2  *plans*, rather than simply to *benefits*. The Congressional policies underlying ERISA
3  preemption are implicated only "with respect to benefits whose provision by nature requires
4  an ongoing administrative program to meet the employer's obligations . . . . Only a plan
5  embodies a set of administrative practices vulnerable to the burden that would be imposed
6  by a patchwork scheme of regulation." *Id*. Noting this distinction between the
7  administration of plans and the provision of individual benefits pursuant to private
8  agreement, the Court of Appeals for the Ninth Circuit recently held that "ERISA does not
9  preempt . . . state claims arising from [a] legal settlement, the subject matter of which is
10 employee benefits, because it does not implicate the administration of an employee benefit
11 plan." *Graham v. Balcor Co.*, 146 F.3d 1052, 1055 (9th Cir. 1998). Where an agreement
12 concerns only one employee, not the entire plan, an action to enforce the terms of that
13 agreement "falls outside plan administration and does not trigger preemption." *Id*.

14 The Agreement at issue here concerns only one employee, Carol Riggs. The
15 Agreement promises specific benefits to her and, while incorporating the provisions of the
16 Bank's 1998 Handbook by reference, does not implicate the administration of the entire Plan.
17 Because the action does not "relate to" ERISA, federal question jurisdiction will not lie. The
18 fiduciaries must find an alternative jurisdictional basis for this action.

19 **IV.   Diversity Jurisdiction**

20 The assertion of jurisdiction under 28 U.S.C. § 1332(a) is well taken at this early stage
21 of the proceedings. Districts courts have jurisdiction in civil actions where there is complete
22 diversity of citizenship among the parties and the amount in controversy exceeds $75,000,
23 exclusive of interest and costs. *Crum v. Circus Circus Enter.*, 231 F.3d 1129, 1131 (9th Cir.
24 2000). There is no dispute as to diversity of citizenship. Rather, Ms. Riggs contends that the
25 $75,000 amount-in-controversy requirement is not satisfied by Plaintiffs' initiatory pleading.
26 (Doc. # 7 at 4.)

27 To justify dismissal of this declaratory judgment action, "it must appear to a legal
28 certainty that claim is really for less than the jurisdictional amount." *Budget Rent-A-Car v.*

*Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (citation and internal quotations omitted). "A claim made in excess of the requisite amount, made in good faith in the complaint, satisfies the jurisdictional requirement." (*Id.*) Plaintiffs' Amended Complaint contains the required good-faith claim in excess of $75,000. (Doc. # 8 at 2.) In their responsive memorandum, Plaintiffs explain that "[t]his amount is attributable to the difference in the cost of providing primary coverage to Ms. Riggs, as if she were an active employee, for her healthcare costs versus the cost of providing coverage supplemental to Medicare." (*Id.* at 4.) Plaintiffs attach two exhibits to their Response in support of this assertion. (*Id.* Attach A, B.) This is sufficient to withstand Defendant's Motion to Dismiss. However, if fact issues concerning the jurisdictional amount are not resolved in Plaintiffs' favor, dismissal for lack of subject matter jurisdiction may be warranted at a future date. Fed. R. Civ. P. 12(h)(3).

IT IS THEREFORE ORDERED that Defendant Riggs' Motion to Dismiss (Doc. # 7) is denied.

DATED this 29th day of March 2007.

_____
Neil V. Wake
United States District Judge